## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FREDERICK BOGGS,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0581** (BOR Appeal No. 2056183)
(Claim No. 2021004674)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Frederick Boggs, by Counsel J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). United Coal Company, LLC, by Counsel H. Dill Battle III, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on September 25, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 7, 2021, order. The order was affirmed by the Board of Review on June 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Boggs alleges an injury to his left shoulder when he over extended while bolting on September 9, 2020. He completed an Initial Incident Report that day stating that he was working in the #7 entry bolting position when he looked up from under his canopy and felt a pop in his left shoulder. Treatment notes from Bridgeport Express Care indicate Mr. Boggs was treated on September 10, 2020, for left shoulder pain with no known injury. Mr. Boggs stated that he could barely lift his arm due to pain, numbness, and tingling. The diagnoses were left shoulder pain and other shoulder lesions. The physician's section of the Employees' and Physicians' Report of Injury was completed by Monica Shaffer, PA-C at Bridgeport Express Care, who diagnosed left shoulder pain and other shoulder lesions. Ms. Shaffer noted that she was uncertain if the conditions were a result of an occupational injury.

A left shoulder x-ray was performed on September 11, 2020, and showed mild degenerative joint disease, suspected synovial osteochondromatosis, and probable granuloma in the left apex. On September 14, 2020, Mr. Boggs sought treatment from Bridgeport Physical Therapy for left shoulder pain, bicipital tendinitis, and rotator cuff strain. Mr. Boggs reported that he was injured at work when he reached out to adjust controls for a roof bolter and felt a pop in his left shoulder. He stated that he had experienced left shoulder pain during previous shifts when he had to set a lot of bolts, but the pain was more intense following the injury. It was noted that Mr. Boggs had possible rotator cuff and posterior superior labral tears. It was also noted that Mr. Boggs had a history of left shoulder issues for several years while doing routine activities of life.

Mr. Boggs returned to Bridgeport Express Care on September 16, 2020, and reported that he injured his shoulder at work seven days prior. He stated that he was reaching for something at work when he felt a pop in his left shoulder. The diagnosis was left shoulder pain. In a September 21, 2020, statement, Ms. Shaffer asserted that she was informed by Mr. Boggs that he had no work-related injury and that his left shoulder pain began spontaneously. She also stated that she was unsure if the alleged injury was work-related. The claims administrator rejected the claim on September 25, 2020.

An October 4, 2020, left shoulder MRI showed a small partial thickness tear of the supraspinatus tendon and possible mild bursitis. It was noted that the MRI was performed due to left shoulder pain and that Mr. Boggs previously underwent a left shoulder MRI on May 10, 2012. On October 6, 2020, Mr. Boggs wrote a protest letter asserting that he injured his left shoulder on September 9, 2020, while trying to get a hole started with a drill. Mr. Boggs stated that he extended the drill in an awkward position and felt his shoulder pop. Mr. Boggs denied any prior left shoulder issues.

In a December 2, 2020, record review, Marsha Bailey, M.D., opined that the records do not support a work-related injury. She noted that Mr. Boggs alleged that he had no prior left shoulder issues; however, treatment notes from before the alleged injury indicate otherwise, including an MRI. Dr. Bailey found that the medical records clearly show that Mr. Boggs had left shoulder issues for at least eight years prior to the alleged injury.

Mr. Boggs testified in a December 8, 2020, expedited hearing that on September 9, 2020, he stretched out his left arm to start his drill and felt a pop in his left shoulder. Mr. Boggs asserted that he had no left shoulder issues prior to the alleged injury. He denied remembering a May 10, 2012, MRI or telling his physical therapist that his left shoulder had been symptomatic for a while.

The Office of Judges affirmed the claims administrator's rejection of the claim in its January 7, 2021, order. It found that the evidence shows that Mr. Boggs has a small partial thickness tear of the supraspinatus tendon and possible mild bursitis per the October 4, 2020, MRI. Mr. Boggs testified that the injury occurred at work on September 9, 2020, and asserted that he had no prior left shoulder issues. The Office of Judges found that Mr. Boggs's description of the injury was inconsistent. Though Mr. Boggs asserted that the injury occurred at work, when he was treated at Bridgeport Express Care on September 16, 2020, he stated that he had no known injury and no excessive use other than his job. On September 21, 2020, he reported to Ms. Shaffer that his left shoulder pain began spontaneously and that he had no known injury.

The Office of Judges also found that the medical records indicate Mr. Boggs had preexisting left shoulder issues. On September 14, 2020, Mr. Boggs reported to Bridgeport Physical Therapy that his left shoulder bothered him during some work shifts, but the pain was more intense after the alleged injury. It was noted that Mr. Boggs had a several year history of left shoulder issues. The October 4, 2020, MRI noted that Mr. Boggs had a prior MRI in May of 2012. Dr. Bailey stated in her record review that MRIs are only performed if symptoms indicate it is necessary.

Lastly, the Office of Judges determined that there is no medical opinion of record stating that Mr. Boggs's left shoulder injury was work-related. The Report of Injury states that it was uncertain if the left shoulder condition was the result of an occupational injury. Also, Dr. Bailey opined in her record review that the medical records do not support an occupational injury. The Office of Judges concluded that Mr. Boggs did not sustain a work-related injury. The Board of Review affirmed the Office of Judges' Order on June 22, 2021.

3

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The burden of proof is on Mr. Boggs to establish that a work-related injury occurred. Mr. Boggs's report of the injury is inconsistent. Though he alleged an injury on September 9, 2020, when he sought treatment a day later, he denied an injury and stated that the pain began spontaneously. Further, Mr. Boggs denied prior left shoulder issues, but the medical record indicates otherwise. Lastly, no physician of record attributed Mr. Boggs's left shoulder symptoms to an occupational injury. Mr. Boggs failed to sustain his burden of proof establishing that he sustained a work-related injury.

Affirmed.

**ISSUED: April 5, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4